UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.07-80439-Civ-Hurley/Hopkins

ROSELAURE EUGENE,

        Plaintiff,

vs.

3 DON & PARTNER ESTATE GROUP, LLC,
et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION AS TO MOTIONS FOR ATTORNEY'S FEES AND COSTS FILED BY PLAINTIFF AND DEFENDANTS IVANCIA ALEXIS, DEROSIERS GERS, GLADYS NELSON, AND JEAN DONALD PARAISON (DEs 70, 71, 79)

**THIS CAUSE** has come before this Court upon an Order Referring Motions for Attorney's Fees and Costs to the undersigned United States Magistrate Judge for a Report and Recommendation. (DEs 72, 74, 79). This Court has before it competing motions filed by Plaintiff and Defendants Ivancia Alexis ("Alexis"), Derosiers Gers ("Gers"), Gladys Nelson ("Nelson"), and Jean Donald Paraison ("Paraison"), as well as responses thereto. (DEs 70, 71, 75, 79, 101, 103). The matters are now ripe for review. For the reasons that follow, this Court **RECOMMENDS** that the District Court **GRANT IN PART** Plaintiff's Motion and **GRANT IN PART** Defendants' Motion. (DEs 70, 71, 79).

## BACKGROUND

After investing money with Defendants in a real estate transaction, and upon Defendants' failure to provide Plaintiff with title to the property, Plaintiff commenced this action for

fraudulent inducement, breach of contract, and a violation of Florida's Deceptive and Unfair

Trade Practices Act ("FDUTPA").  (DE 9, pgs. 1-17).  After a trial, the jury returned a verdict in

favor of Plaintiff and against three (3) of the seven (7) named Defendants, Michelle Kettly

Dumas, ("Dumas"), MGN Investments Corp. ("MGN"), and 3 Don & Partner Estate Group,

LLC, ("3 Don").  (DE 59).  On October 6, 2008, the Court entered final judgment in favor of

Plaintiff for the amount of one hundred eighty-seven thousand, five hundred dollars

($187,500.00).  (DE 67).  The instant motions followed.

## DISCUSSION

Relying on the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla.

Stat.§ 501.2105, Plaintiff seeks to recover from Dumas, MGN, and 3 Don a total of eighty-four

thousand, five hundred fifty-two dollars ($84,552.00).  (DE 70, pgs. 1-2; DE 97, exh. B[1]).

Defendants Alexis, Gers, Nelson, and Paraison invoke the FDUTPA, as well as Fla. Stat.§

57.105, in support of their motion to recover forty-six thousand, one hundred fifty-five dollars

($46,155.00) from Plaintiff.  (DE 71, pgs. 1-6).  Plaintiff and Defendants Alexis, Gers, Nelson,

and Paraison also seek an award of costs.  (DE 71, exh. B; DE 97, exh. D).

On February 25, 2009, this Court issued an Order to Show Cause to Plaintiff ordering her

to show cause why her motion should not be denied for failure to comply with the Local Rules.

(DE 96).  In the Order, this Court noted that her original motion failed to comply with the Local

Rules in that: (a) Plaintiff's motion for attorney's fees and billing records submitted in

connection therewith failed to identify the identities of the timekeepers and the hourly rates

---

[1] In her original motion, Plaintiff sought to recover eighty-eight thousand, seven hundred thirty-six dollars and forty-five cents ($88,736.45).

charged for each entry contained in the records; (b) Plaintiff's motion was not verified by the attorney submitting the motion; (c) Plaintiff's motion was not "accompanied by a certification that counsel has fully reviewed the time records and supporting data and that the data and the motion is grounded in fact and justified;" and, (d) Plaintiff's motion for costs was not supported by a memorandum of law citing supporting authorities, and fails to comply with Local Rule 7.3.C, governing Bills of Costs.  (DE 96).  Plaintiff filed her amended motion thereafter.  (DE 97).

**A Hearing is Not Required**

Plaintiff requests a hearing in her amended motion.  (DE 97, pg. 4).  Because the court possesses sufficient expertise to determine the reasonableness of the hours claimed, and because Plaintiff has not shown how the record is not sufficiently clear to allow this Court to resolve the disputes of fact, this Court declines to hold a hearing in this matter.  *See Thompson v. Pharmacy Corp. of America*, 334 F.3d 1242, 1245 (11th Cir. 2003) (observing that courts are only required to hold evidentiary hearings where a hearing is requested, where there are disputes of fact, and where the written record is not sufficiently clear to allow the trial court to resolve disputes of fact; holding that the district court did not abuse its discretion in reducing the claimed number of hours without holding an evidentiary hearing) (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1298 (11th Cir. 1988)).  *See also American Civil Liberties Union v. Barnes*, 168 F.3d 423, 428, 430 (11th Cir. 1999) (noting that attorney's fee awards are generally based on affidavits and billing records submitted to the court); *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354, 1356 (11th Cir. 2000) (*same*).

**I.  Plaintiff's Motion for Attorney's Fees and Costs (DE 70)**

In Plaintiff's amended motion, Plaintiff seeks to recover eighty-four thousand, five hundred fifty-two dollars ($84,552.00) for the work of three (3) attorneys and one (1) paralegal. (DE 70, pgs. 1-2, exh. A; DE 97, pgs. 1-7).  In support of the motion, Plaintiff has attached copies of billing records and an affidavit prepared by Plaintiff's expert, Gregorio Dickson-Ventura ("Dickson-Ventura"), wherein Dickson-Ventura opines that the hourly rates and hours billed are reasonable.  (DE 70, exhs. A, B).

In response to the motion, Defendants Dumas, MGN, and 3 Don contend that the hourly rate of $400 is excessive, that an hourly rate of $250.00 is more reasonable, and that Plaintiff's billing records contain many excessive billing entries.  (DE 75, pgs. 1-4).

## A. Plaintiff's Entitlement

Generally speaking, where federal court jurisdiction rests on diversity of citizenship, federal courts apply state law for substantive issues, and federal law for procedural matters.  *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938); *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).  Statutes allowing for recovery of attorney's fees are usually deemed substantive for purposes of *Erie.  See McMahon v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001) (noting that statutes allowing for the recovery of attorney's fees are substantive for *Erie* purposes), *modified on other grounds*, 311 F.3d 1077 (11th Cir. 2002).  *See also Alyeska Pipeline Service Co. v. The Wilderness Society*, 421 U.S. 240, 259, n. 31 (1975) ("[I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.") (*as quoted in McMahon*, 256 F.3d at 1132).

The FDUTPA provides in relevant part,

(1) In any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party.

Fla. Stat.§ 501.2105 (2008).

The record shows Plaintiff prevailed on her FDUTPA claim and that the court entered judgment in favor of Plaintiff, and against Defendants Dumas, MGN, and 3 Don on October 6, 2008.  (DEs 59, 67).  As such, this Court concludes that Plaintiff should be entitled to recover attorney's fees under the FDUTPA.

**B.  Calculation of Attorney's Fees**

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate."  *Barnes*, 168 F.3d at 427 (*citations omitted*).  This "lodestar" may then be adjusted for the results obtained.  *See Barnes*, 168 F.3d at 427 (*citations omitted*).  The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Barnes*, 168 F.3d at 436 (*quoting Norman*, 836 F.2d at 1299).  The fee applicant bears the burden of establishing the claimed market rate.  *See Barnes*, 168 F.3d at 427.

With regard to the reasonable hourly rate, our High Court in *Norman* stated,

. . . Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work . . . It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.  Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate . . . Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence.  The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on

matters such as similarity of skill, reputation, experience, similarity of case and
client, and breadth of the sample of which the expert has knowledge.

*Norman*, 836 F.2d at 1299 (*citations omitted*).  Nevertheless, "the court, either trial or appellate,

is itself an expert on the question and may consider its own knowledge and experience

concerning reasonable and proper fees and may form an independent judgment either with or

without the aid of witnesses as to value."  *Id.* at 1303.

The court may also consider any one of the factors[2] enunciated in *Johnson v. Georgia*

*Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), to determine a reasonable hourly rate.  *See*

*Norman*, 836 F.2d at 1299-1300.

As to the type of evidence that the fee claimant should produce in support of a fee claim,

in, the Eleventh Circuit stated,

> The "fee applicant bears the burden of establishing entitlement and
> documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303.
> That burden includes "supplying the court with specific and detailed evidence
> from which the court can determine the reasonable hourly rate. Further, fee
> counsel should have maintained records to show the time spent on the different
> claims, and the general subject matter of the time expenditures ought to be set out
> with sufficient particularity so that the district court can assess the time claimed
> for each activity . . . A well-prepared fee petition also would include a summary,
> grouping the time entries by the nature of the activity or stage of the case." *Id*.
> (*citations omitted*).

*Barnes,* 168 F.3d at 427.  *See also Norman*, 836 F.2d at 1303 (*citing Hensley*, 461 U.S. at 437 n.

---

[2]  The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions;
(3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due
to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed
by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and
ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship
with the client; and, (12) awards in similar cases.

12).

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983))*.* If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301) (*emphasis in original*).

When objections to fee petitions are raised, such objections must be precise and reasonably specific. *See Barnes*, 168 F.3d at 427 (stating that fee opponents are required to be specific and "reasonably precise" with respect to any objections they may have); *Norman*, 836 F.2d at 1301 ("[a]s the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents.")  A failure to object is generally deemed fatal. *See Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (affirming decision of district court as to the claimed number of hours worked because fee opponents failed to lodge specific objections); *Scelta v. Delicatessan Support Srvcs. Inc.*, 203 F. Supp 2d 1328, 1333 (M.D. Fla. 2002) ("[a] fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal.") (*citing Gray*, 125 F.3d 1387).

### Hourly Rate and Defendants' Objection Thereto

Dumas, MGN, and 3 Don object to the claimed hourly rates for one of Plaintiff's attorneys herein, Joseph W. Gibson ("Gibson").  (DE 75, pgs. 1-4).  According to Dumas, MGN, and 3 Don, Gibson's claimed rate of four hundred dollars ($400.00) per hour is excessive.  (DE 75, pgs. 1-5).  Dumas, MGN, and 3 Don do not contest the hourly rates of either Aldo Busot

("Busot"), or Adenet Medacier ("Medacier"), other attorneys in the case, or Anothony Genova ("Genova"), a paralegal.  (DE 75, pgs. 1-5).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)).  The fee applicant bears the burden of establishing the claimed market rate.  *See Barnes*, 168 F.3d at 427.

This Court is cognizant of the fact that Dumas, MGN, and 3 Don have not lodged a specific objection as to the claimed hourly rates of Busot, Medacier, or Genova.  However, because courts have the duty to avoid awarding excessive fees and expenses, and are not permitted to be generous with the money of others, *see Barnes*, 168 F.3d at 428, this Court will examine the reasonableness of each claimed hourly rate.

Plaintiff has offered little evidence in support of the claimed hourly rates for Gibson, Busot, Medacier, or Genova.  Although Plaintiff's expert opines that the claimed hourly rates are reasonable[3], (DE 70, exh. B, ¶ 4; DE 97, exh. C, ¶ 4), unsupported "[t]estimony that a given fee is reasonable is . . . unsatisfactory evidence of market rate."  *Norman*, 836 F.2d at 1299.  Moreover, Plaintiff has offered only minimal background information as to only two (2) of the four (4) individuals who performed work in this matter.  The only background information offered shows that Plaintiff's lead counsel, Gibson, has practiced for 26 years and has "extensive experience conducting civil litigation," and that Genova, the paralegal, is a law school graduate

---

[3] Plaintiff's expert opines that reasonable hourly rates are as claimed: Gibson, $400.00; Busot and Medacier, $300.00; and, Genova, $150.00.

with over 21 years of legal experience."  (DE 97, pg. 5).

This Court concludes that Gibson should be compensated at a rate of three hundred dollars per hour ($300.00), and that Genova should be compensated at a rate of ninety dollars ($90.00) per hour.  In concluding that the claimed hourly rates of Gibson and Genova should be reduced, this Court relies on several factors.  First, as to Genova, Plaintiff has offered nothing to suggest the nature of the Genova's work to justify such a high paralegal rate.[4]  Rather, Plaintiff's billing records only show that Genova performed various nondescript activities, such as "Legal Research/Organize file," "Hearing. Trail. (*sic*). WPB," or "Receipt and review of Draft/Status report."  *See Godoy v. New River Pizza, Inc.*, No. 07-61010-CIV, 2008 WL 2777142, *2 (S.D. Fla. July 10, 2008) (holding that the plaintiff failed to support its claimed paralegal hourly rate because the affidavit was silent as to the hourly rate, and nothing suggested to the court the nature of the paralegal's training or the substance of their work to demand such fee); *Hansen v. Deercreek Plaza*,  420 F. Supp 2d 1346, 1351, 1353 (S.D. Fla. 2006) (awarding paralegal at a rate of $90.00 per hour; finding that the hourly rate was within the range of prevailing paralegal rates within this District) (*citing Jean*, 863 F.2d at 778).

Moreover, this Court relies on its own knowledge and experience, as permitted by *Norman*, 836 F.2d at 1303, in support of its conclusion that Genova's hourly rate should be reduced to ninety dollars ($90.00).  Given the small amount of information offered by Plaintiff in support of the claimed hourly rates in her original motion, on February 24, 2009, this Court visited the publicly accessible website for the Florida Bar, http://www.floridabar.org, to verify

---

[4]  Although no objection is lodged as to Plaintiff being compensated for services performed by a paralegal, this Court notes that where the work performed is that normally performed by an attorney, paralegal time may be included as part of an attorney's fee award.

the Bar history of each of the individuals who performed work in this matter.  The visit to the website revealed a significant amount of disciplinary history for at least three (3) of the four (4) individuals who billed time herein, none of which was volunteered by Plaintiff in response to this Court's Order to Show Cause.  (DE 97).

Although Genova was admitted to the Bar in 1987, he was suspended with conditions on January 10, 2002, pursuant to Reference number 200270724.  On April 11, 2002, Genova entered a disciplinary resignation pursuant to Reference number 200270904.  This Court is of the opinion that an attorney who has been suspended and then entered a disciplinary resignation should not be compensated at a high paralegal rate of one hundred and fifty dollars ($150.00), as claimed by Plaintiff.  (DE 70, exh. 2).  Given Genova's disciplinary history, the rate of ninety dollars ($90.00) is reasonable.

Turning now to Gibson's hourly rate, several of the *Johnson* factors require this Court to reduce the claimed rate.  The time and labor required, the novelty and difficulty of the questions, and the skill requisite to perform the legal service command a reasonable hourly rate of three hundred dollars ($300.00), as opposed to the claimed four hundred dollars ($400.00).  *See Johnson*, 488 F.2d 717-718.  The instant case involved only routine state law claims of fraud, breach of contract, deceptive trade practices, and failure to register an investment scheme.  (DE 56).  Many billing entries are for Gibson performing non-legal work, such as the receipt and review of items, drafting status reports, or participating in telephone conferences for either nondescript or non-legal issues.  (DE 97, exh. C).  Moreover, as to the amount involved and the results obtained, although Plaintiff's counsel obtained a judgment against Dumas, 3 Don, and MGN for an amount of one hundred eighty-seven thousand, five hundred dollars ($187, 500.00),

10

Plaintiff voluntarily dismissed her claims against Alexis, Gers, Nelson, and Paraison during trial, and the Court entered a directed verdict in favor of Alexis, Gers, Nelson, and Paraison.  (DE 67; DE 71, pgs. 2, 5).

In addition, considering this Court's own  knowledge and experience, as permitted by *Norman*, this Court notes that Gibson's disciplinary history contained on the Bar website shows that he was admitted to practice in 1987, but received a public reprimand on August 30, 2007, in Reference number 200470889.  Such disciplinary history supports this Court's reduction of Gibson's claimed hourly rate.

As to the claimed hourly rates for Medacier and Busot, without any evidence regarding the their education or employment experience, this Court concludes that Plaintiff has failed to met her burden of establishing their claimed market rates, as required by *Barnes*, 168 F.3d at 427. *See Godoy,* 2008 WL 2777142 at *2 (holding that the plaintiff failed to support its claimed paralegal hourly rate because the affidavit was silent as to the hourly rate, and nothing suggested to the court the nature of the paralegal's training or the substance of their work to demand such fee).  In light of such lack of evidence, an hourly rate of one hundred fifty dollars ($150.00) would seem to be within the range of prevailing market rates.  *See Zokaites v. 3236 NE 5th Street, Inc.*, No. 07-60670-CIV, 2009 WL 259593, *3-*4 (S.D. Fla. Feb. 4, 2009) (finding that hourly rate as low as $165.75 was within prevailing market rates for South Florida legal community).

Moreover, the Bar website revealed that Medacier was admitted to practice in 1997, and was disbarred on October 23, 2008, pursuant to Reference number 200751242.  As to Busot, the Bar website contains records for two individuals named Aldo Guillermo Busot, Jr., and Aldo

11

Jorge Busot.  Neither of the individuals is, at the time of this Report and Recommendation, listed

at the address for Gibson.  Although Aldo Jorge Busot has no disciplinary history, Aldo

Guillermo Busot, Jr.,was admitted in 1987, and was suspended with conditions on April 21,

2005, pursuant to Reference number 200271338.  While it is unclear which Busot is involved

herein, the lack of any evidence of experience, reputation, or ability supports this Court's

determination that the rates of one hundred fifty dollars ($150.00) are more than reasonable.

### Reasonable Number of Hours and Defendants' Objections

Given the volume of Plaintiff's motion, an entry by entry examination is not required.

*See Loranger v. Steirheim*, 10 F.3d 776, 781 (11th Cir. 1994).[5]  Rather, because such a review

would be impractical and a waste of judicial resources when fee documentation is voluminous, a

court need only provide "a concise but clear explanation of" of its reasons for reducing the fee

claimed.  *See Loranger*, 10 F.3d at 783 (*citations omitted*).

Dumas, MGN, and 3 Don generally assert that Plaintiff's billing entries are excessive,

that several entries are duplicative, and that some entries bill for time that is not compensable

because the activities were not related to litigation.  (DE 75, pg. 3).  Dumas, MGN, and 3 Don

also lodge several specific objections, as discussed below.

**February 26, 2007**: Defendants maintain that Plaintiff unreasonably billed forty (40)

hours for an entry which reads, "AMG-Legal Research/Organize File . . .Draft (*sic*)

/Complaint/Summons . . . etc. . .  (2/26/07-5/18/07)."  (DE 70, exh. A; DE 75, pg. 3; DE 97, exh.

B).

---

[5]  Although Plaintiff's billing records are 7.5 pages long, the pages contain anywhere from 20 to 26 entries per page, and many entries are listed in only tenths of an hour.  (DE 97, exh. B).

Although Plaintiff's billing records do not specifically identify the timekeeper for that entry, this Court assumes that "AMG" is the paralegal, Genova.[6]  Paralegal time is compensable as part of an attorney's fee award where the work is normally performed by an attorney.  *See Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) (holding that the district court did not err, as part of awarding attorney's fees pursuant to 42 U.S.C. § 1988, by compensating the plaintiffs for the work of law clerks and paralegals at market rates, rather than at their cost to the attorney); *Jean v. Nelson*, 863 F.2d 759, 778-780 (11th Cir. 1988) (holding that time spent by paralegals and law clerks could be reimbursed under the Equal Access to Justice Act to the extent that the work was normally done by an attorney) (citing *Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. Unit B 1982)).  However, time spent on purely clerical tasks is generally not compensable.  *See Jenkins*, 491 U.S. at n.10 (noting that although fee applicants are permitted to bill work for paralegals at market rates, paralegal time should not include secretarial tasks); *Fulford v. NCO Fin. Sys., Inc.*, No. 6:07-cv-1196-Orl-22KRS, 2008 WL 2952859, *8 (M.D. Fla. July 30, 2008) (finding that revising the summons and coordinating service are clerical tasks which are not compensable) (citing *Jenkins*, 491 U.S. at 288 n.10); *Miller v. Holzmann*, Civ. Act. No. 95-231, 2008 WL 3319032, *20 (D.D.C. Aug. 12, 2008) (declining to award fees for time spent on phone calls to obtain corporate address and filing notice of change of address because such activities were administrative housekeeping).

However, Defendants' objection is well taken because the time entry is not broken down with sufficient detail so as to allow this Court to determine which activities would have been

---

[6]  In his Affidavit of Attorney Hours, Gibson states that all time entries are for time billed by him, unless the entry indicates that the work was performed by Adenet Medacier, Aldo Busot, or Anthony Genova.  (DE 97, exh. B). This Court infers that the initials "AMG" are for Genova.

normally performed by an attorney, such as drafting a complaint, as opposed to mere clerical

work, such as setting up the file.  *See Barnes*, 168 F.3d at 427 (noting that fee counsel are

required to maintain sufficiently detailed records showing the time spent on the different claims,

as well as the general subject matter of the claims, so that the district court can assess the time

claimed for each activity); *Norman*,  836 F.2d at 1303 (*same*).  Therefore, this Court concludes

that Plaintiff should not be compensated for the forty (40) hours billed on February 26, 2007.[7]

> **April 12, 2007**: Defendants state that Plaintiff unreasonably billed six (6) hours for

activities described as "[c]onf with Tony . . . Telephone Conf . . .Preparation /Receipt and

Review of Complaint."  (DE 70, exh. A; DE 75, pg. 3; DE 97, exh. B).

> Similar to the previous entry, the time entry dated April 12 is not broken down with

sufficient detail so as to allow this Court to determine what time was spent on legal work, as

opposed to mere clerical activities.  *See Barnes*, 168 F.3d at 427; *Jenkins*, 491 U.S. at n.10;

*Fulford*, 2008 WL 2952859 at*8 ; *Holzmann*, 2008 WL 3319032 at *20.  As such, Plaintiff

should not be compensated for the six (6) hours billed on such date.

> **July 13 and August 16, 2007; January 3, 2008**: Defendants argue that Plaintiff's billing

fifty (50) hours for legal research and administrative tasks on the above dates is excessive.  (DE

75, pg. 3).  These billing entries show that (1) on July 13, 2007, Plaintiff billed 20 hours for

"AM-Research/Draft/Status Report.  Amended Complaint;" (2) on August 16, 2007, Plaintiff

billed 15 hours for "AM-Research/Draft/Status Report.  Plaintiff Response to Def Motion to

Dismiss (8/16/07 - 8/27/07);" and (3) on 1/3/08, Plaintiff billed 15 hours  "AM-Answer to Def

---

[7] It should be noted that although Plaintiff was given a second opportunity to file a motion in compliance with all relevant authorities, including the Local Rules and *Barnes* and *Norman*, Plaintiff failed to do so.  (DEs 96, 97).

Counter Claim . . . Plaintiff Motion to Compel Discovery 1/3/08-2/15/08)."  (DE 70, exh. A; DE 97, exh. B).

The time entry dated August 16, 2007, is contained within the billing records originally submitted, but is omitted from the billing records submitted on March 4, 2008.  (DE 70, exh. A; DE 97, exh. B).  Because such entry is omitted from Plaintiff's billing records submitted to the court on March 4, 2009, this Court infers that Plaintiff no longer seeks to be compensated for such time.

However, with regard to the time entries dated July 13 and August 16, the entries are not broken down with sufficient detail so as to allow this Court to determine what time was spent on legal work, as opposed to drafting a status report, which appears to be more clerical in nature.  *See Barnes*, 168 F.3d at 427; *Jenkins*, 491 U.S. at n.10; *Fulford*, 2008 WL 2952859 at *8 ; *Holzmann*, 2008 WL 3319032 at *20.  As such, Plaintiff should not be compensated for either of the entries dated July 13 or August 16, 2007.

As to January 3, 2008, fifteen (15) hours were billed for "AM-Answer to Def Counter Claim . . . Plaintiff Motion to Compel Discovery 1/3/08-2/15/08."  (DE 70, exh. A; DE 97, exh. B).  Given such description, the work appears to be legal in nature in that it relates to answering a counterclaim and a motion to compel discovery.  However, the entry indicates that the work was performed during the period of *January 3, 2008, through February 15, 2008*. (DE 70, exh. A).  A review of the docket in this matter shows that Plaintiff's Answer to MGN's counterclaim was actually *filed* on January 3, 2008.  (DE 30).  If the document was actually filed on January 3, there is no possible way that Plaintiff can legitimately bill time for work performed on an answer to a counterclaim subsequent to the actual filing date.  Therefore, this Court must determine

15

whether Plaintiff reasonably performed 15 hours on the other legal task described in the entry, the motion to compel discovery.

The docket shows that Plaintiff filed a motion to compel discovery on February 15, 2008. (DE 31).   Nevertheless, because the motion consists of only 3 pages, all of which is a mere recitation of facts, and none of which contains any reference to any legal authority, this Court concludes that billing 15 hours for such document is excessive.  Given the contents of the motion to compel, this Court concludes that it would be more appropriate to compensate Plaintiff for 1 hour, as opposed to the 15 requested.  *See Figueroa v. Gold Star Towing,* Inc., No. 07-80230-CIV, 2007 WL 3131734, *1 (S.D. Fla. Oct. 24, 2007)(reducing counsel's time to 1.5 hours, as opposed to the 2.5 hours claimed, because billing 2.5 hours on such a "straightforward" motion was excessive); *Browning v. Peyton*, 123 F.R.D. 75, 78-80 (S.D.N.Y. 1988) (awarding $6,567.00 in attorney's fees, as opposed to the $25,000.00 sought for motion to compel, because the motion for protective order was a routine matter requiring little time or extensive legal research).

**August 19, 2008**: Dumas, MGN and 3 Don next argue that Plaintiff unreasonably billed 10.25 hours for a *review* of Defendants' motion for new trial.  (DE 70, pg. 11) (*emphasis in original*).  However, the entry actually indicates that the time was billed for "response to motion for new trial."  (DE 70, exh. A; DE 97, exh. B).  Plaintiff filed the response on August 21, 2008, (DE 66), and a review of the twenty-three (23) page motion shows that it contains a reasonable amount of legal authority and discussion.  As such, this Court concludes that such time was reasonably expended.

**July 25, 2008**: Defendants also argue that Plaintiff excessively billed five (5) hours to

draft a form motion to amend which could have been handled in one (1) hour.  (DE 75, pg. 4).

Plaintiff's time entry shows that Plaintiff billed a total of five hours for four activities on July 25: (1) "Preparation/Receipt and review of M Amend Correct;" (2) "Preparation/Receipt and review of Amended Complaint;" (3) "legal research;" and, (4) "Conf's with Aldo."  (DE 70, exh. A; DE 97, exh. B).   Because the entry does not indicate the subject matter of the conferences with Aldo, this Court is unable to determine whether the matters conferred upon are of a legal nature.

Nevertheless, even assuming *arguendo* that all five hours relate to legal work, this Court concludes that such time was excessively billed.   A review of Plaintiff's Motion to Amend Complaint, (DE 56), filed on July 25, 2008, and Plaintiff's First Amended Complaint for Damages, (DE 9), shows that both documents are virtually identical.   The only differences between the documents are: (1) Plaintiff's Motion to Amend contains a 6-page factual basis for the motion, which is not contained in the earlier document; and, (2) Plaintiff's Motion to Amend contains one additional cause of action against Defendants, which is only comprised of five (5) sentences.  (DEs 9, 56).  Billing five (5) hours for the Motion to Amend (DE 56) seems all the more excessive when taking into account that the Motion to Amend which was filed on July 25 even contains misnumbering errors which were copied from the First Amended Complaint.  (DEs 9, pgs. 5 *et seq.*; DE 56, pgs. 10 *et seq.*).  As such, this Court concludes that billing five (5) hours is excessive, and that it would be more reasonable to compensate Plaintiff for one (1) hour for the Motion to Amend.

**Duplicate Entries**: Dumas, MGN, and 3Don allege that Plaintiff's entries dated July 24, July 28, and July 29, 2008 contain duplicate entries in an attempt to inflate the lodestar.  (DE 75,

pg. 4).

As for July 24, Plaintiff's records show four (4) entries for such date, which read: (1) "Hearing. Trial. WPB.;" (2) "Hearing. Trail. (*sic*) WPB.;" (3) "AMG-Hearing. Trail (*sic*) WPB"; and, (4) "AMG-Hearing. Trail (*sic*). WPB." (DE 70, exh. A). The entries are billed for 6 hours, 9.5 hours, 6 hours, and 9.5 hours, respectively. (DE 70, exh. A; DE 97, exh. B). Although there is no specific description of activities associated with the entries, this Court notes that it is logical to infer from the docket that trial was being conducted on the date of July 24 because jury reached its verdict on July 30, 2008. (DE 59).[8]

For two reasons, this Court concludes that Plaintiff should only be compensated for one of the time entries billed on July 24, that for 6 hours. First, because the two time entries relating to Genova, the paralegal, are so generic so as to prohibit this Court from determining whether legal or clerical work was being performed, Plaintiff should not be compensated for either entry relating to Genova.[9] *See Barnes*, 168 F.3d at 427; *Jenkins*, 491 U.S. at n.10; *Fulford*, 2008 WL 2952859 at*8 ; *Holzmann*, 2008 WL 3319032 at *20. Second, with regard to the entries for Gibson, although there is nothing inherently wrong with duplicate billing entries where more than one attorney performs work in a case, *see Norman*, 836 F.2d at 1301-1302, in the instant case, the duplicate billing entries dated July 24 record the time of only a single attorney, Gibson. (DE 70, exh. A; DE 97, exh. B). Moreover, the Gibson entries are so nondescript that this Court is wholly unable to determine why Gibson would bill 6 hours and another 9.5 hours in separate

---

[8]  The docket does not contain minutes of the trial.

[9]  As noted in footnote 6, in his Affidavit of Attorney Hours, Gibson states that all time entries are for time billed by him, unless the entry indicates that the work was performed by Adenet Medacier, Aldo Busot, or Anthony Genova. (DE 97, exh. B). This Court infers that the initials "AMG" contained within two (2) of the time entries dated July 24 are for time billed by Genova.

entries.  Because the billing records fail to specifically describe how the work performed for the

9.5 billing hour entry differs from that performed for the 6 hour billing entry, as required by

*Barnes*, 168 F.3d at 427, Plaintiff should only be compensated for the least amount of time billed

by Gibson on July 24, which is 6 hours.  After all, as the fee applicant, Plaintiff bears the burden

of "establishing entitlement and documenting the appropriate hours and hourly rates."  *Barnes*,

168 F. 3d at 427 (*quoting Norman*, 836 F.2d at 1303)).

　　　As for July 28, Plaintiff's records contain two entries for such date.  (DE 70, exh. A; DE

97, exh. B).  The activities are described as "Hearing. Trial. WPB.," and "AMG-Hearing. Trial.

WPB," and each is billed for 12 hours.  (DE 70, exh. A; DE 97, exh. B).  As with the entry dated

July 24, this Court concludes that Plaintiff should not be compensated for the 12 hours billed by

Genova because the billing entry fails to specifically describe that legal work was being

performed.  *See Barnes*, 168 F.3d at 427; *Jenkins*, 491 U.S. at n.10; *Fulford*, 2008 WL 2952859

at*8 ; *Holzmann*, 2008 WL 3319032 at *20.  However, because the 12 hours billed by Gibson for

appearing in court appear to have been reasonably expended, Plaintiff should be compensated for

such time.

　　　With regard to July 29, Plaintiff's records again contain virtually duplicate entries which

read,  "Hearing. Trial to Verdict," and, "AMG-Hearing. Trial to Verdict."  (DE 70, exh. A).

Each entry dated July 29 is for a total of nine (9) hours.  (DE 70, exh. A).  Similar to the entries

dated July 24 and 28, because the entries associated with Genova fail to specify whether legal

work was being performed, Plaintiff should not be compensated for such time.  *See Barnes*, 168

F.3d at 427; *Jenkins*, 491 U.S. at n.10; *Fulford*, 2008 WL 2952859 at*8 ; *Holzmann*, 2008 WL

3319032 at *20.  However, because the 12 hours billed by Gibson for appearing in court appear

to have been reasonably expended, Plaintiff should be compensated for such time.

> July 30, 2008: Defendants also object to Plaintiff's entries dated July 30, 2008, which read "PISTACHE French Bistro (Lunch)" and "Lunch Order."  (DE 75, pg. 4; DE 70, exh. A). Because such entries are omitted from Plaintiff's billing records submitted to the court on March 4, 2009, this Court infers that Plaintiff no longer seeks to be compensated for such time.

> Because Dumas, MGN, and 3Don have failed to lodge any objections with respect to any other billing entries, this Court accepts all other hours claimed by Plaintiff.  *See Scelta*, 203 F. Supp. 2d at 1333 (accepting all billing entries not properly objected to).

**Recommended Calculation of Attorney's Fee Award**

> In light of the foregoing, this Court **RECOMMENDS** that the District Court calculate Plaintiff's award of attorney's fees as follows:

> **Recommended Reasonable Hourly Rates**:

> > Gibson: $300.00 per hour

> > Busot: $150.00 per hour

> > Medacier: $150.00 per hour

> > Genova: $90.00 per hour

**Billing Entries and Amounts Excluded Based upon Objections**

> 2/26/07: exclude $6,000.00 claimed

> 4/12/07: exclude $2,400.00 claimed

> 7/13/07: exclude $6,000.00 claimed

> 7/24/08: exclude $900.00 claimed

> exclude $1,425.00 claimed

exclude $3800.00 claimed

7/28/07: exclude $1,800.00 claimed

7/29/08: exclude $1,350.00 claimed

1/3/08: exclude $4,500.00 claimed; see adjustment below

7/25/08: exclude $2,000.00 claimed; see adjustment below

8/19/08: exclude $1,537.50 claimed; see adjustment below

**Subtotal exclusions**: $31, 712.50

**Total amount sought by Plaintiff**: $84,552.00

**Less subtotal exclusions**: $31, 712.50

**Subtotal Award**:  $52,839.00

**Billing Entry Adjustments based upon Objections**

1/3/08: allow 1 hour at $150.00 per hour, for total of $150.00

7/25/08: allow 1 hour at $300.00 per hour, for total of $300.00

8/19/08: allow 10.25 hours at $90.00, for total of $922.50

**Subtotal adjusted billing entries**: $1,372.50

**Subtotal Award, plus subtotal adjusted billing entries**: $54,211.50

**Recommended Attorney's Fees Award to Plaintiff**: $54,211.50.

## II.  Plaintiff's Request for Costs

Plaintiff moves for an award of costs in a total amount of two thousand, one hundred

twenty-four dollars and forty-nine cents ($2,142.49).  (DE 97, exh. D).

In diversity cases, federal law, not state law, controls awards of costs.  *See Zunde v. Int'l*

*Paper Co.*, No. 3:98CV439-J-20B, 2000 WL 1763843, *1 (M.D. Fla. July 20, 2000) (*citations omitted*).  Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute.  *See* Fed. R. Civ. P. 54(d)(1) (2007). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party.  *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).

Because Plaintiff received a judgment in her favor, it appears that Plaintiff is a prevailing party for purposes of the Rule.  *See Garonzik v. Whitman Diner*, 910 F. Supp. 167, 168-169 (D.N.J. 1995) (noting that a prevailing party is generally the "one in whose favor a judgment is rendered, regardless of whether the party has recovered its entire claim, or a portion thereof.") (*citations omitted*).

Notwithstanding the presumption in favor of an award of costs, courts may only tax costs as authorized by statute.  *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000), *reh'g and reh'g en banc denied*, 233 F.3d 580 (11th Cir. 2000) (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).  "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987).  This section provides in part,

A judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2008).

**Fees of the Clerk**

Plaintiff seeks an award of three hundred and fifty dollars ($350.00) for filing fees.  (DE 97, exh. D).

Fees paid to the Clerk of Court may be taxed.  *See* 28 U.S.C. § 1920(1) (2007); *EEOC*, 213 F.3d at 623 (*citing* 28 U.S.C § 1920(1)).  However, because Plaintiff failed to provide documentation that such fees were actually paid, this Court **RECOMMENDS** that the District Court deny such request.  (DE 97, exh. D).

*See Ferguson v. Bombardier Srvcs. Corp.*, No. 8:03-cv-539-T-31DAB, 2007 WL 601921, *5 (M.D. Fla. Feb. 21, 2007) (denying request for witness costs because movants failed to submit any receipts in support of the witness' claimed expenses) (*citations omitted*); *Brown v. McGraw-Hill Co., Inc.*, 526 F. Supp 2d 950, 954-955 (N.D. Iowa 2007) (denying request for witness costs, despite the fact that such costs are authorized by section 1821, because the defendant failed to provide the court with documentation of costs sought); *Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp 2d 1065, 1084 n.4 (D. Kan 2005) (declining to award witness fees in excess of statutory limit of $40.00 for lack of documentation; noting that although the modest additional sums may have represented the witness' mileage, such assumption was not substantiated by the record).

**Fees for Service of Summons and Subpoena**

Plaintiff also seeks an award of two hundred forty-five dollars ($245.00) for service of summons and subpoenas.  (DE 97, exh. D)  Plaintiff's documentation shows that Plaintiff paid a total of two hundred forty-five dollars ($245.00) to a private process server for the service of seven (7) summonses at a rate of thirty-five ($35.00) dollars each.  (DE 97, exh. D).

The Eleventh Circuit has held that private process server fees may be taxed under sections 1920(1) and 1921, so long as the taxable costs of the private process server are limited to the statutory fees authorized by section 1921.[10]  *See EEOC*, 213 F.3d at 624.  As noted in section 1921(b), "the "Attorney General shall from time to time prescribe by regulation the fees to be taxed and collected under subsection [1921](a).  Such fee shall, to the extent practicable, reflect the actual and reasonable cost of the service provided."  "The Attorney General prescribes a minimum fee of $45.00 per hour for "process served or executed personally . . . for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out of pocket expenses."  *Davis v. Sailormen, Inc.*, No. 6:05-cv-1497-Orl-22JGG, 2007 WL 1752465, *2 (M.D. Fla. June 15, 2007) (*citing* 28 C.F.R. § 0.114(a)(3)).

This Court concludes that the costs requested by Plaintiff "reflect the actual and reasonable cost of the service provided."  *See* 28 U.S.C.§ 1921(b).  As such, this Court **RECOMMENDS** that the District Court award Plaintiff costs for service of summons in the amount of two hundred forty-five dollars ($245.00).  (DE 97, exh. D).

**Fees for Transcripts Necessarily Obtained for Use in the Case**

Plaintiff seeks an award of one thousand, four hundred thirty-four dollars and ninety cents ($1,434.90) for transcripts.  Plaintiff's submissions show that Plaintiff paid three hundred thirty-eight dollars and ninety cents ($338.90) to National Reporting Service and one thousand ninety-six dollars ($1,096.00) to Official Reporting Services.  (DE 97, exh. D).  The fees paid to National Reporting Service include the costs for minscripts and ASCII files.  (DE 97, exh. D).

---

[10]  *See* 28 U.S.C. § 1920(1) (providing that "fees of the clerk and marshal" may be taxed); 28 U.S.C. § 1921(a)(1)(B), (G), (H) (providing that the court may tax as costs fees of the marshal for serving subpoenas for witnesses, and that the court may tax as costs necessary travel, including mileage, and overtime expenses incurred by deputy marshals in the course of serving civil process).

Costs for deposition transcripts are generally taxable so long as the transcripts were "necessarily obtained for use in the case." *See EEOC*, 213 F.3d at 620-621 (noting that costs of deposition transcripts may be taxed where the transcripts were, either wholly or partially, "necessarily obtained for use in the case.") (*citing* § 1920(2); *Newman v. A.E. Stanley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. Unit B June 1981)).  The question of whether deposition costs are taxable turns on the factual question of whether the deposition was wholly or partially "necessarily obtained for use in the case." *Id*. at 621.  The burden lies with the challenging party to show that the depositions were not related to an issue in the case at the time the deposition was taken.  *See Id*.  District courts have wide latitude in determining whether a deposition was "necessarily obtained" for use in the case.  *See Ferguson*, 2007 WL 601921, *3 (*citing Newman*, 648 F.2d at 337).

Defendants have lodged no objection to Plaintiff's request for the costs of transcripts. (DE 75, pgs. 1-5).  However, Plaintiff's request for fifty-five dollars ($55.00) for the costs of the miniscripts and ASCII files should be denied because most courts have found that such costs are not taxable as costs.  *See Feinschreiber v. United States*, No. 01-3628-CIV-HUCK, 2002 WL 31084156, *2 (S.D. Fla. Aug. 12, 2002) (*citing Price v. United Tech. Corp.*, Case No. 99-8152, 2001 WL 36085163 (S.D. Fla., Nov. 16, 2000); *Scallet v. Rosenblum*, 176 F.R.D. 522, 527 (W.D. Va.1997)).  Nevertheless, because Defendants have failed to object and show that the depositions were not related to an issue in the case at the time they were taken, this Court **RECOMMENDS** that Plaintiff be awarded one thousand three hundred seventy-nine dollars and ninety cents for the remaining costs of transcripts ($1,379.90).  (DE 97, exh. D).

**Fees for Exemplification**

25

Plaintiff seeks an award of ninety-four dollars and fifty-nine cents ($94.59) for fees incurred in connection with exemplification.  (DE 97, exh. D).  Plaintiff's documentation shows that Plaintiff paid such amount to Blacks' Photocopy Service for two sets of copies of unknown documents.  (DE 97, exh. D).

Section 1920(4) permits taxation of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case."  *See EEOC*, 213 F.3d at 622.  Similar to deposition costs, "[i]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue."  *Id*. at 623.  "Photocopies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are all recoverable."  *Florida Keys Citizen Coalition, Inc. v. U.S. Army Corp. Of Eng'rs*, 386 F. Supp 2d 1266, 1270 (S.D. Fla. 2005) (*citing Desisto College, Inc.*, 718 F. Supp. at 913).  However, copies obtained only for the convenience of counsel are not recoverable.  *See Desisto College, Inc*., 718 F. Supp at 913 (*citing Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988)).

The party moving for an award of copy costs has the burden of showing that the copies were necessarily obtained for use in the case.  *See Zunde*, 2000 WL 1763 843 at *6 (*citing Desisto College, Inc.*, 718 F. Supp at 910, n.1).  *See also Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp 1568, 1570 (N.D. Ga. 1992) (noting that the party seeking to recover copy costs "must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case.") (*citing Corsair Asset Management, Inc. v. Moskovitz*, 142 F.R.D. 347, 353 (N.D. Ga. 1992).  Where the movant has failed to itemize copies

necessarily obtained for use in the case and those that were made for their own convenience, an award of costs may be denied.  *See Desisto College, Inc*., 718 F. Supp. at 914 (declining to award costs for copies because the defendants failed to itemize copies necessarily obtained for use in the case and those obtained for the convenience of counsel).

After reviewing Plaintiff's submissions, this Court concludes that Plaintiff should not be awarded the copy costs requested.  Although Plaintiff has submitted an invoice, the invoice only describes the documents as "two sets" of "copies" at the rate of ten cents per page.  (DE 97, exh. D).  Plaintiff has failed to provide any information showing that such copies were necessarily obtained for use in the case, and not for mere convenience of counsel.  As such, this Court **RECOMMENDS** that the District Court **DENY** Plaintiff's request for the costs of copies.  (DE 97, exh. D).

**Total Recommended Costs to be Awarded to Plaintiff**

Fees of the Clerk: $0.00

Fees for Service of Summons: $245.00

Fees for Transcripts: $1,379.90

Fees for Exemplification: $0.00

**Total Award of Costs**: $1,624.90

**III.  Motion for Attorney's Fees and Costs filed by Alexis, Gers, Nelson, and Paraison (DE 71)**

Defendants Alexis, Gers, Nelson and Paraison move for an award of attorney's fees in the amount of forty-six thousand, one hundred fifty-five dollars ($46,155.00) and costs in the amount of one thousand, three hundred thirty-two dollars and forty cents ($1,332.40).  (DE 71, pgs. 1-2). Defendants also move for an award of five hundred dollars ($500.00) in connection with the

expert opinion rendered herein by its expert, Charles Neustein, Esq. ("Neustein").  (DE 71, pg.

3).

## A.  Defendants' Entitlement to Attorney's Fees

Defendants rely on Fla. Stat.§§ 57.105, 501.2105 in support of their motion for attorney's

fees.  (DE 71, pgs. 4-5).[11]  Plaintiff contends that Defendants are not entitled to the fees requested

under section 57.105 because Defendants and their corporations lost at trial, and because

Defendants lost their motions for judgement of acquittal.  (DE 101, pg. 1).  Plaintiff also argues

that it is unreasonable for counsel to seek to recover attorney's fees for all of his time billed in

this matter because several of his clients were adjudged liable by the jury.  (DE 101, pg. 5).

As discussed with regard to Plaintiff's motion for attorney's fees, section 501.2105

permits a party who prevails in litigation involving the FDUTPA to "receive his or her

reasonable attorney's fees and costs from the nonprevailing party."  Fla. Stat.§ 501.2105 (2008).

Florida courts hold that where when a plaintiff voluntarily dismisses an action, the defendant is

the "prevailing party" within the meaning of statutory or contractual provisions awarding

attorney's fees to the "prevailing party" in litigation."  *Alhambra Homeowners Ass'n, Inc. v.

Asad*, 943 So. 2d 316, 318 (Fla. Dist. Ct. App. 2006) (*collecting cases*).

According to Defendants, the trial transcripts show that, prior to the case being submitted

to the jury, and upon the Court's ruling that the evidence was insufficient to show any factual or

legal nexus between Plaintiff and Defendants Alexis, Gers, Nelson and Paraison, Plaintiff's

counsel announced that such individual defendants were being dismissed.  (DE 71, pg. 2).

---

[11]  Generally speaking, where federal court jurisdiction rests on diversity of citizenship, federal courts are
required to follow state substantive law, and federal law to matters of procedure.  *See Erie Railroad Co. v. Tompkins*,
304 U.S. 64, 78-79 (1938); *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).  At pages 3-4, *infra*, this Court noted that
statutes allowing for the recovery of attorney's fees are deemed substantive for purposes of *Erie*.

Subsequently, the Court entered a directed verdict in favor of Alexis, Gers, Nelson, and Paraison. (DE 71, pg. 5). The record further shows that a jury verdict and final judgment was rendered only against Defendants Dumas, 3 Don, and MGN. (DEs 59, 67). Under such circumstances, and in light of *Asad*, this Court concludes that Defendants Alexis, Gers, Nelson, and Paraison are prevailing parties entitled to attorney's fees herein.[12]

## B.  Calculation of Attorney's Fees

### Hourly Rate

A review of counsel's submissions show that counsel was paid at an hourly rate of two hundred fifty dollars ($250.00). (DE 71, exh. A, pgs. 1-7). Although Defendants' expert, Charles L. Neustein ("Neustein") does not opine as to the reasonableness of the claimed hourly rate, (DE 71, exh. C), because the Court is itself an expert on the issue of reasonableness, the Court " may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303. In light of this Court's experience and the market for the Southern District of Florida, this Court concludes that counsel's claimed hourly rate of two hundred fifty dollars ($250.00) is reasonable. *See Zokaites*, 2009 WL 259593 at *3-*4 (finding that hourly rates of $295, $255, $165.75, and $185 were within prevailing market rates for South Florida).

### Reasonable Number of Hours

Prior to calculating the reasonable number of hours, this Court must address Plaintiff's contention that it is unreasonable for Defense counsel to seek to recover fees for all the time

---

[12]  Because this Court concludes that Defendants Alexis, Gers, Nelson, and Paraison are prevailing parties entitled to an award of attorney's fees, this Court need not examine Defendants' entitlement under Fla. Stat. 57.105. (DE 71, pgs. 5-6).

billed after several of his clients were adjudged liable by the jury. (DE 101, pg. 5).

Parties are not automatically precluded from recovering attorney's fees for time spent on unsuccessful claims. Although the United States Supreme Court held that a partially prevailing plaintiff may recover attorney's fees for time spent on unsuccessful claims, the extent of success is a crucial factor in determining the proper amount of an award of attorney's fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) (analyzing award for partially successful plaintiff in context of 42 U.S.C. § 1988). The Court summarized the applicable analysis:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

*Hensley*, 461 U.S. at 440.

In reducing the lodestar to account for the fact that a party was only partially successful, "the court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some proportion." *Norman*, 836 F.2d at 1302 (*citing Hensley*, 461 U.S. at 436-37). "A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Norman*, 836 F.2d at 1302 (*citing Hensley*, 461 U.S. at 435). "Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours." *Norman*, 836 F.2d at 1302 (*citation omitted*). "It is improper to make the reduction based on a simple ratio of successful issues to issues raised." *Norman*, 836 F.2d at 1302 (*citing Hensley*, 461 U.S. at 435 n. 11) (*other citation omitted*).

Application of *Hensley* leads this Court to conclude that Defendants' request for fees should be reduced by seventy-five percent (75%).  In so concluding, this Court notes that although some of the Defendants were ultimately dismissed from the case, Plaintiff did prevail as to each of the Defendants whose cases were submitted to the jury, and Plaintiff secured a rather significant monetary judgment.  As such, it could be argued that the Plaintiff, not Defendants, won substantial relief, and that the relief obtained by the defense is only limited "in comparison to the scope of the litigation as a whole."  *Norman*, 836 F.2d at 1302 (*citation omitted*).

**Recommended Calculation of Defendants' Attorney's Fee Award**

This Court **RECOMMENDS** that the District Court calculate Defendants' Attorney Fee Award as follows:

**Total Requested**: $46,155.00

$46,155.00 x .25 = $11,548.75

**Total recommended Attorney's Fees Award**:$11,548.75.

**IV.  Defendants' Motion for Costs**

In reliance on Rule 54(d), Defendants Alexis, Gers, Nelson and Paraison move for an award of costs in the amount of one thousand, three hundred thirty-two dollars and forty cents ($1,332.40).  (DE 71, pgs. 1-2, exh. B).  As discussed previously, prior to the case being submitted to the jury, Plaintiff's counsel announced that Defendants Alexis, Gers, Nelson, and Paraison would be dismissed, and the Court entered a directed verdict in their favor.  (DE 71, pgs. 2, 5).  The record further shows that a jury verdict and final judgment were rendered only against Defendants Dumas, 3 Don, and MGN.  (DEs 59, 67).

This Court concludes that Defendants are entitled to costs because they prevailed in this

matter.  *See Myricks v. Federal Reserve Bank of Atlanta*, 480 F.3d 1036, 1043 (11th Cir. 2007);

(holding that an employer who prevailed on affirmative defense of release in Title VII action was

the prevailing party entitled to costs); *Tanker Mgmt. v. Brunson*, 918 F.2d 1524, 1527 (11th Cir.

1990) (holding that because Tanker Management failed to produce any evidence in support of its

claim, the court properly granted Brunson's motion for directed verdict and awarded Brunson,

the prevailing party, costs under Rule 54(d)).

     As noted previously, prevailing parties are entitled to recover costs as a matter of course

unless otherwise directed by the court or statute.  *See* Fed. R. Civ. P. 54(d)(1) (2007).  Rule 54(d)

creates a presumption in favor of awarding costs to the prevailing party.  *See Lomelo*, 929 F.2d at

639.  However, such presumption is not without limits, and courts may only tax costs as

authorized by statute, that is, within section 1920.  *See EEOC*, 213 F.3d at 620; *Crawford Fitting

Co.*, 482 U.S. at 441-442.

**Fees for Transcripts Necessarily Obtained for Use in the Case**

     Defendants seek an award of one thousand, two hundred eighty-two dollars and forty-

cents ($1,282.40) for transcripts.  (DE 71, exh. B).  Defendants' documents consist of three (3)

invoices: two invoices totaling six hundred nine dollars ($609.40) paid to National Reporting

Service, and one invoice for six hundred seventy-three dollars ($673.00) paid to Official

Reporting Services.  (DE 71, exh. B).

     Because Plaintiff has failed to object, (DE 101, pgs. 1-7), Plaintiff has failed show that

the depositions were not related to an issue in the case at the time they were taken.  *See EEOC*,

213 F.3d at 620-621 (noting that costs of deposition transcripts may be taxed where the

transcripts were, either wholly or partially, "necessarily obtained for use in the case," and that the

burden lies with the challenging party to show that the depositions were not related to an issue in the case at the time the deposition was taken) (*citations omitted*).  Therefore, this Court **RECOMMENDS** that Plaintiff be awarded costs in the amount of one thousand, two hundred eighty-two dollars and forty-cents ($1,282.40) for transcripts.  (DE 71, exh. B).

**Fees for Exemplification and Copies**

Defendants also seek an award of fifty dollars ($50.00) for exemplification and copies. (DE 71, exh. B).   Defendants' submissions do not document any expenses paid by Defendants for copies.  As a result, this Court **RECOMMENDS** that the District Court **DENY** Defendants' request for such costs.  (DE 71, exh. B).

*See Zunde*, 2000 WL 1763 843 at *6 (noting that the party moving for an award of copy costs has the burden of showing that the copies were necessarily obtained for use in the case (*citing Desisto College, Inc.*, 718 F. Supp at 910, n.1); *Helms*, 808 F. Supp at 1570 (noting that the party seeking to recover copy costs "must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case."); *Desisto College, Inc.*, 718 F. Supp. at 914 (declining to award costs for copies because the defendants failed to itemize copies necessarily obtained for use in the case and those obtained for the convenience of counsel).

**Total Recommended Costs to be Awarded to Defendants**

Fees for Transcripts: $1,282.40

Fees for Exemplification and Copies: $0.00

**Total Award of Costs**: $1,282.40.

**D.  Motion for Fees Associated with Expert Witness**

Defendants also seek an award of five hundred dollars ($500.00) to compensate the expert witness, Neustein, for the two hours he spent preparing his expert opinion herein.  (DE 71, pg. 3).  Defendants have provided no legal support in support of their request.

Defendants' motion for attorney's fees is based on Florida law.  (DE 71, pgs. 4-5) (*citing* Fla. Stat. 57.105; 501.2105).  Florida law does not permit an award of "fees on fees."  *See Oquendo v. Citizens Prop. Ins. Corp.*, 998 So. 2d 636, 637 (Fla. Dist. Ct. App. 2008) (*citing Lugassy v. Indep. Fire Ins. Co.*, 636 So.2d 1332, 1336 (Fla. 1994); *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830 (Fla. 1993)).[13]  As such, this Court **RECOMMENDS** that the District Court **DENY** Defendants' request for expert fees.

## RECOMMENDATION TO THE DISTRICT COURT

In conclusion, **IT IS HEREBY RECOMMENDED** that the District Court:

1.)  **GRANT IN PART** Plaintiff's Motion for Attorney's Fees and Costs, and award attorney's fees to Plaintiff in the amount of $54,211.50, and costs to Plaintiff in the amount of $1,624.90.  (DEs 70, 97);

2.)  **GRANT IN PART** Defendants' Motion for Attorney Fees and Costs and award attorney's fees to Defendants Alexis, Gers, Nelson, and Paraison in the amount of $11,548.75, and costs in the amount of $1,282.40.  (DE 71).

## NOTICE OF RIGHT TO OBJECT

---

[13] As discussed at pages 3-4, *infra*, *Erie* requires this Court to follow state law for the issue of entitlement to attorney's fees.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983).  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED**  this 20 day of March, 2009 at West Palm Beach in the Southern District of Florida.

_____

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida
All counsel of record

35