UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.07-80439-Civ-Hurley/Hopkins

ROSELAURE EUGENE,

Plaintiff,

vs.

3 DON & PARTNER ESTATE GROUP, LLC,
et al.,

Defendants.
_________________________________/

**REPORT AND RECOMMENDATION AS TO PLAINTIFF'S MOTION FOR LEAVE OF COURT TO ADD PARTY AND FILE SECOND AMENDED COMPLAINT TO SET ASIDE FRAUDULENT CONVEYANCES (DE 94)**

**THIS CAUSE** has come before this Court upon an Order Referring Plaintiff's Motion for Leave of Court to Add Party and File Second Amended Complaint to Set Aside Fraudulent Conveyances. (DEs 94, 95). With no response having been filed, the matter is now ripe for review. For the reasons that follow, this Court **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion. (DE 94).

**BACKGROUND**

After investing money with Defendants in a real estate transaction, and upon Defendants' failure to provide Plaintiff with title to the property, Plaintiff commenced this action for fraudulent inducement, breach of contract, and a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). (DE 9, pgs. 1-17). After trial concluded in July of 2008, the jury returned a verdict in favor of Plaintiff and against three (3) of the seven (7) named Defendants. (DE 59). On October 6, 2008, the Court entered final judgment in favor of Plaintiff

for the amount of one hundred eighty-seven thousand, five hundred dollars ($187,500.00). (DE 67).[1] The instant motion was filed approximately three (3) months after final judgment was entered in favor of Plaintiff. (DEs 67, 94).

**DISCUSSION**

In the motion, Plaintiff alleges that on August 1, 2008, two days after the jury verdict was returned, Defendant Michelle Dumas transferred a parcel of property located in Lee County to an individual named Remiluc Ashley Dumas, ("Remiluc Dumas"), who is alleged to be the son or close relative of Michelle Dumas. (DE 94, pgs. 3, 7). Plaintiff also contends that Defendant Dumas transferred two (2) other parcels of property to Remiluc Dumas on September 16, 2008, and that all three (3) transfers were done fraudulently, with no consideration given in exchange for the property, in an apparent attempt to hinder Plaintiff's ability to collect on her judgement. (DE 94, pgs.1-8). Although Plaintiff cites Fed. R. Civ. P. 15 and quotes two Florida statutes in support of her contention that the property transfers meet the definition of fraudulent transfers under state law, Plaintiff presents no other argument in support of her request to file a second amended complaint adding a party and setting aside the purported fraudulent transfers of property. (DE 94, pgs. 1-29). Plaintiff also provides no argument in support of her request that the court enter a money judgment against Remiluc Dumas and an injunction prohibiting Remiluc Dumas from transferring the property. (DE 94, pg. 8).

Because Plaintiff has failed to provide any substantive argument in support of her motion to add a party and file a second amended complaint, Plaintiff's motion could be denied based on

[1] Plaintiff also obtained an award of attorney's fees in the amount of fifty-five thousand, eight hundred thirty six dollars and forty cents ($55,836.40). (DE 108).

the Local Rules alone. *See* S.D. Fla. L.R. 7.1.A.1 (2009) (providing that, with the exception of certain enumerated motions, "[e]very motion when filed shall include or be accompanied by a memorandum of law citing supporting authorities . . .").

Nevertheless, even after considering the merits of Plaintiff's motion, this Court concludes that Plaintiff's motion should be denied under Rule 15. The Rule provides in relevant part:

> **Rule 15. Amended and Supplemental Pleadings**
> **(a) Amendments Before Trial**.
> **(1) Amending as a Matter of Course**. A party may amend its pleading once as a matter of course:
> (A) before being served with a responsive pleading; or
> (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
> **(2) Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
> ****
> **(b) Amendments During and After Trial**.
> **(1) Based on an Objection at Trial**. If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.
> **(2) For Issues Tried by Consent**. When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.
> **(c) Relation Back of Amendments.**
> **(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when**:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(a)(1)-(2), (b), (c)(1)(A)-(C) (2009).

As can be seen from the text of the Rule, a party may move to amend pleadings after judgment to conform to the evidence adduced at trial. *See* Fed. R. Civ. P. 15(b)(2) (2009). However, the purpose of Rule 15(b) is to allow the pleadings to be amended to "conform to the issues actually tried, not to extend the pleadings to introduce issues inferentially suggested by incidental evidence in the record." *Browning Debenture Holder's Comm. v. DASA Corp.*, 560 F.2d 1078, 1086 (2d Cir. 1977) (*citations omitted*). Rule 15(b) motions are usually made at the conclusion of the Plaintiff's case to correct the theory of an existing claim, not to assert new and different claims. *See Pickwick Entm't v. Theiringer*, 898 F. Supp 75, 78 (D. Conn. 1995) (*citing Browning Debenture Holder's Comm.*, 560 F. 2d at 1086).

Although the focus of Rule 15 is on the rights of a party to amend his or her pleadings, the purpose of Rule 15(c) is to protect the added party's rights by enumerating conditions which must be met before the amendment will be deemed to relate back to the original pleading. *See Travelers Indem. Co. v. United States*, 382 F.2d 103, 106 (10th Cir. 1967) (discussing 1966 amendment to Rule 15(c)). The United States Supreme Court has stated that Rule 15 was "designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *United States v. Int'l Bus. Machs. Corp.*, 66 F.R.D. 223, 228 (S.D.N.Y. 1975)

(*quoting United States v. Hougham*, 364 U.S. 310, 316 (1960)).

While leave to amend pleadings "should be freely given when justice requires," *see* Fed. R. Civ. P. 15(a), the court has broad discretion in allowing amendments. *See Browning Debenture Holder's Comm.*, 560 F.2d at 1086. In deciding whether to allow a complaint to be amended, the court may consider factors which include, but are not limited to, undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opponent, and futility. *See Int'l Ship Repair and Marine Srvcs., Inc. v. St. Paul Fire and Marine Ins. Co.*, 944 F. Supp. 886, 895 (M.D. Fla. 1996) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). *See also Browning Debenture Holder's Comm.*, 560 F.2d at 1086 (*same*).

Based on the above factors, this Court concludes that Plaintiff's motion to amend should be denied. (DE 94). Although there is nothing in the record to suggest undue delay, bad faith, or dilatory motives on the part of Plaintiff, allowing Plaintiff to amend her complaint to add an entirely new Defendant and have a money judgment entered against him would be extremely prejudicial. Trial had been concluded for approximately six (6) months, and final judgment had been entered approximately three (3) months, prior to the time that Plaintiff filed the instant motion. (DEs 88-92, 94). Because Remiluc Dumas was not a named defendant in the proceedings, it cannot be said that the claims have been tried by either the express or implied consent of either he or Plaintiff. Moreover, because Remiluc Dumas was not a named defendant in the proceedings, he has not conducted any discovery in the matter, and there is likely no evidence in the record to which an amended complaint could conform.

It must be emphasized that in her motion, Plaintiff does not merely seek to amend the

complaint by adding a new party and proceed with the litigation. Rather, Plaintiff seeks to amend the complaint to add a new defendant, simultaneously expose him to a money judgment months after the judgment has been entered, and enjoin him from transferring real property without allowing the newly added defendant any chance to contest liability or any other issue. (DE 94, pg. 8) ("Wherefore, the Plaintiff requests that the Courts (*sic*) set aside the transfers of the above described properties and remove any cloud on the title to the properties, enter a money judgment against Remiluc Ashley Dumas to the extent that he did not to (*sic*) give fair value for the transfer and an injunction prohibiting Remiluc Ashley Dumas from transferring the properties further.") Granting Plaintiff's motion under the present circumstances would not only violate Rule 15, but would also violate the basic requirements of due process.

*See Nelson v. Adams, USA, Inc.*, 529 U.S. 460, 462-468 (2000) (holding that the District Court erred in allowing party to amend its pleading under Rule 15, post judgment, to add new third-party defendant, and in allowing party to simultaneously amend its judgment of attorney's fees, thereby immediately subjecting new third-party defendant to attorney's fee award, because due process required that the newly added defendant be given the opportunity to respond and contest his personal liability for the award after he was named a party, and before judgment was entered against him). *See also Pickwick Entm't*, 898 F. Supp at 78 (denying motion to amend complaint to add two new causes of action, which was made near end of second day of trial, because (1) the claim was not tried by the express or implied consent of the defendant; (2) there was no evidence in the record to which the pleadings could conform; and, (3) the defendant would have been prejudiced by the amendment because she had not conducted any discovery into the claim, and did not cross examine the plaintiff's witnesses); *Browning Debenture Holder's*

*Comm.*, 560 F.2d at 1086 (affirming district court's denial of post-trial motion to amend complaint which sought to add new paragraphs, some of which raised new claims, because the claims had never been tried by the express or implied consent of the parties, such that allowing the amendment would have substantially prejudiced the defendant).

## RECOMMENDATION TO THE DISTRICT COURT

In light of the foregoing, this Court **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Leave of Court to Add Party and File Second Amended Complaint. (DE 94).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** this 4 day of June, 2009 at West Palm Beach in the Southern District of Florida.

James M. Hopkins

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida
All counsel of record